STATE OF SOUTH DAKOTA, Respondent, v. EDSTROM, Appellant.

(259 N. W. 270.)

(File No. 7729. Opinion filed March 6, 1935.)

*J. J. Fitzpatrick*, of Aberdeen, for Appellant.

*Walter Conway*, Attorney General, and *Frank L. Sieh*, State's Attorney., and *E. C. Ryan*, Deputy State's Attorney, both of Aberdeen, for the State.

RUDOLPH, J. The defendant was informed against and convicted under the provisions of chapter 208, Laws of 1931. Section 9 of the said chapter 208, is as follows: "If any person practicing in this state as a certified public accountant under this chapter, or if any person who is in the practice of public accountancy as a certified public accountant or otherwise shall be found guilty of gross negligence or carelessness or shall willfully falsify any report or statement bearing on any examination, investigation or audit made by him or under his direction, he shall be deemed guilty of a misdemeanor and upon conviction thereof shall be punished by a fine of not less than One Hundred Dallors ($100.00) nor more than One Thousand Dollars ($1,000.00) or by imprisonment in the county jail for not less than three months nor more than one year, or by both such fine and imprisonment."

It is the contention of the state, and the jury so found, that the defendant willfully falsified two different audits which he had been employed to make for the Ferney Farmers Co-operative Elevator Company. The first of these audits was for a ten-month period ending April 30, 1932; and the second audit was for the year ending April 30, 1933. For a number of years prior to 1932 the defendant had been employed by the Ferney Farmers Co-operative Elevator Company to audit the books of that company, and had made several audits prior to the two involved in this action. It is the contention of the defendant that he was employed only to audit the books of the company, which included the treasurer's report, grain journal, agent's report, and general ledger, and that he was not employed to audit the cash account, or to reconcile the company books with the bank records. The alleged falsity of the audit consisted of the failure of the defendant to include in his audit certain checks which had been issued by the manager of the company. There is no claim on the part of the state that the issuance of these checks is anywhere shown upon the company books.

We are not here concerned with the civil liability of an auditor or accountant. We are dealing with a criminal statute. The case was tried and submitted to the jury upon the theory that the alleged falsifications of the reports were willful, and no question of "gross negligence or carelessness" referred to in the statute is involved. That the report failed to disclose the checks referred to in the indictment is without dispute. The contention so far as appellant is concerned is that this omission to include the checks was not a willful omission as required by the statute.

The trial court took the position throughout the trial that, with the exception of the reports, any evidence concerning the nature of the employment of the defendant was immaterial and incompetent. This position is best indicated by an instruction to the jury, as follows: "Something also has been said about just what kind of an audit and how extensive an audit defendant was employed to make. In that regard you are instructed that the evidence shows that the defendant was employed to make the audits which he did make as shown by the reports, Exhibits 1 and 2, and said reports are the best and only competent evidence of what kind of an audit and how extensive an audit the defendant was employed to make and undertook to make."

This instruction was excepted to by appellant. Appellant also sought to introduce evidence showing that his employment did not contemplate an audit of the cash account, to which objections were sustained. We are of the opinion that the court was in error in this regard. True, the report made by the appellant was the best evidence, and, perhaps, the only competent evidence of the contents of that report, but we do not believe that the court was corrct in its position that the report was the best and only competent evidence of the character of appellant's employment. The character of appellant's employment must be determined by the contract between appellant and the Ferney Farmers Co-operative Elevator Company, and any competent evidence tending to establish this contract should have been submitted to the jury, and the jury should have determined from all of the evidence the extent of appellant's employment. The contract of employment was material on the issue of whether or not the omission was willful. If, as contended by appellant, his contract of employment extended only to certain company books, and these books failed to show the issuance of the checks in question, it seems apparent to us that this evidence would be material on the question of whether these certain checks were willfully omitted from the report. If there were no duty upon the appellant to investigate the only records which would disclose these checks, his position that he did not, in fact, know of the existence of at least some of the checks, would, no doubt, carry more weight than it would with the duty to so investigate resting upon him.

The judgment and order appealed from are reversed.

All the Judges concur.